## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Mitchell Newberry,<br><br>Plaintiff,<br><br>vs.<br><br>Portfolio Recovery Associates, LLC,<br><br>Defendant. | Civil Action No. _____<br><br><br>**COMPLAINT AND DEMAND FOR**<br><br>**JURY TRIAL** |

## PRELIMINARY STATEMENT

1.   This is an action for damages brought by Plaintiff Mary F. Lindell, an individual consumer, against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA").

## JURISDICTION

2.   Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3.   This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA").

4.   Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5.     Plaintiff Mitchell Newberry, LLC (hereinafter "Plaintiff") is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.     Defendant Portfolio Recovery Associates, LLC (hereinafter "Defendant"), is a Limited Liability Company, organized under the Laws of Delaware, operating from an address of: 2345 Rice Street, Suite 230, Roseville, MN 55113 .

7.     Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.     Plaintiff allegedly incurred a financial obligation with Wells Fargo Bank, N.A., which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

9.     The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

10.    Upon information and belief, the account went into default on or about November 20, 2008.

11.    Sometime on or before February 8, 2012, the alleged debt was consigned, placed, sold, assigned or otherwise transferred to Defendant for collection from Plaintiff. (*See* Ex. 1.)

12.   On or about February 8, 2012, Rodenburg Law Firm was assigned or otherwise transferred from Defendant for collection from Plaintiff. (*See id.*)

13.   Rodenburg Law Firm was acting as the agent for its principal, the Defendant.

14.   On or about February 17, 2012, Plaintiff's attorney sent Defendant's agent, Rodenburg Law Firm, a letter by certified mail stating that Plaintiff was represented by an attorney and all communication needed to be sent to the attorney. (*See* Ex. 2.)

15.   Plaintiff's February 17 letter was sent by certified mail, and was received by "Nikki Sailer" on February 24, 2012. (*See* Ex. 3.)

16.   On or about March 1, 2012, Plaintiff's attorney again sent Defendant's agent, Rodenburg Law Firm, a letter that Plaintiff was represented by an attorney and all communication needed to be sent to the attorney. (*See* Ex. 4.)

17.   Defendant's agent, Rodenburg Law Firm, knew that Plaintiff was represented by an attorney.

18.   On or about May 5, 2015, Defendant sent a debt collection letter directly to Plaintiff at his residence. (*See* Ex. 5.)

19.   Defendant knew that Plaintiff was represented by an attorney because "knowledge of the agent is imputed to the principal." *Schmitt v. FMA Alliance*, 398 F.3d 995, 997-98 (8th Cir. 2005) (citing *S.O.G.-San Ore-Gardner v. Mo. Pac. R.R. Co.*, 658 F.2d 562, 567 (8th Cir.1981)).

20.   By sending the may 5, 2015 letter directly to a represented party, Defendant violated the FDCPA by communicating with a consumer who Defendant knew was represented by an attorney. 15 U.S.C § 1692c(a)2.

21.   Plaintiff has incurred actual damages in the form nervousness, fear of answering the phone, depression, sleeplessness, headaches, as well as, other forms of emotional distress.

22.   Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses, such as, attorney's fees, as a result of Defendant's acts and omissions.

## Respondeat Superior Liability

23.   The acts and omissions of Defendant's employees who were employed as agents by Defendant, and who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

24.   The acts and omissions by Defendant's employees were incidental to, or of the same general nature as, the responsibilities the agents were authorized to perform by Defendant in collecting consumer debts.

25.   By committing these acts and omissions against Plaintiff, Defendant's employees were motivated to benefit their principal, Defendant.

26.   Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not

limited to violations of the FDCPA and Minnesota law, in its attempts to collect this alleged debt from Plaintiff.

## TRIAL BY JURY

27.   Plaintiff is entitled to and hereby demands a trial by jury. US CONST. Amend. 7. FED. R. CIV. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

28.   Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

29.   The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq.*

30.   As a result of said violations, Plaintiff has suffered actual damages in the form of fear of answering the telephone, humiliation, anger, anxiety, emotional distress, fear, frustration, and feelings of guilt or worthlessness, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

31.   As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

32.    As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

## COUNT I: FDCPA VIOLATIONS

- For declaratory that Defendant's conduct violated the FDCPA and injunctive relief;

- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;

- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and

- For such other and further relief as may deem just and proper.

Dated:  June 16, 2015.                        **MARSO & MICHELSON, P.A.**

By:     s/Blake R. Bauer

Blake R. Bauer (Bar No: 0396262)
Marcus J. Hinnenthal (Bar No: 0386756)
Attorneys for Plaintiff
Marso & Michelson, P.A.
3101 Irving Avenue South
Minneapolis, Minnesota
Telephone: 612-821-4817
Fax: 612-821-4826
Email: blake.bauer@outlook.com
Email: mhinnenthal@marsomichelson.com